P. MONEY *v.* C. R. PEAVY ET AL.

1. DEED. *Partition wall. Contract to build.*

To recite in a deed, as a part of the consideration, that the vendees, or any subsequent owner of the land conveyed, "shall have the right of uniting with and using the south wall which may be erected by us" thereon, is not to stipulate that a wall shall or *will* be built, and the grantors are not liable in damages for failure to erect one.

2. EVIDENCE. *Writing. Contemporaneous parol agreement.*

Because of the writing, a contemporaneous parol agreement by such grantor to build the wall cannot be shown.

3. PARTITION WALL. *Verbal agreement to build. Code 1880, § 979.*

Section 979, code 1880, authorizing verbal contracts between those "who own adjoining lots" for erecting partition walls, does not apply to contracts whereby parties are negotiating to become such owners.

FROM the circuit court of the first district of Carroll county.

HON. C. H. CAMPBELL, Judge.

This is an action by P. Money to recover of C. R. Peavy and others damages for breach of an alleged contract to build a partition wall. The declaration alleges that plaintiff conveyed to defendants a certain lot in the town of Carrollton, and, in exchange therefor, defendant, C. R. Peavy, executed to him a deed reciting a cash consideration of $600, and containing this further clause: "And we also agree, as a part of this deed, that the said Pierson Money, and the subsequent owners of the lot herein conveyed, shall have the right and privilege of uniting with and using the south wall which may be erected by us on the south boundary of our part of lot No. 9, situated in the town of Carrollton;" that it was the agreement between plaintiff and defendants, at the time the deed was executed, that the latter should erect said wall, and, but for such agreement, plaintiff would not have executed his deed; that the privilege of uniting to said wall was a part of the agreed consideration, and was and is of the value of $400; that defendants have refused to erect it, to plaintiff's damage, etc.

Defendants demurred to the declaration, mainly upon the ground that the deed did not import a contract to erect the wall. Demurrer sustained, and plaintiff, declining to amend, prosecutes this appeal.

Section 979, code 1880, is as follows: "Any agreement for erecting walls which parties may make who own adjoining lots, and desire to build partition walls, shall be binding, whether in writing or not; and, in case of failure of either party to comply with his contract, the other may have his appropriate action for damages."

*A. H. Somerville* and *W. R. Harper*, for appellant.

The declaration is not intended as an action of covenant on the deed, but to recover the consideration which, it is al-

leged, rested in parol. The clause in a deed reciting payment of the consideration only estops the grantor from denying that there was a consideration. For every other purpose it is open to explanation, and the real consideration may be shown by parol. Devlin on Deeds, § 823. The deed may be evidence tending to show what the consideration was, but it does not purport to state all the consideration.

*Southworth & Stevens*, for appellees.

The written instrument shows no obligation on appellees to build the wall, but only a right in appellant to unite with and use the wall when it may be built. Any contemporaneous parol agreement was merged in the writing.

Campbell, C. J., delivered the opinion of the court.

If this was a bill in chancery to rescind the contract between the parties, or to rectify the conveyance, the provision in it relied on as the basis of this action might be strongly corroborative of parol testimony as to the contract made, but the demurrer to the declaration was properly sustained, for its allegations are not sufficient to show any violation of contract by the defendants, who, by their conveyance, simply granted the right of "using the south wall which *may* be erected by us"—not which shall or will be. They did not obligate themselves to do it. Considered with reference to the conveyance, no right of action is shown, and any contemporaneous parol agreement about it was merged in the writing.

Section 979 of the code of 1880 does not apply, for it is limited to those "who own adjoining lots," and does not change the law applicable to contracts, whereby parties are negotiating to become such owners.

*Affirmed.*